IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Clare Cash-Davis, Bernard Ceasar, Carolyn Neal, and Tawanda Taylor-White, individually and on behalf of similarly-situated Consenters,<br><br>     Plaintiff,<br><br>v.<br><br>Access Community Rehabilitative Behavioral Health Services and Jembralyn Jones, individually and as managing agent of Access Community Rehabilitative Behavioral Health Services,<br><br>     Defendant. | C.A. No.: 3:17-CV-00466-JFA<br><br>**AMENDED ANSWER, AFFIRMATIVE DEFENSES OF DEFENDANTS ACCESS COMMUNITY REHABILITATIVE BEHAVIORAL HEALTH SERVICES AND JEMBRALYN JONES AND COUNTERCLAIMS OF DEFENDANT ACCESS COMMUNITY REHABILITATIVE BEHAVIORAL HEALTH SERVICES** |

Defendant, Access Community Rehabilitative Behavioral Health Services (hereinafter "Access Community") and Jembralyn Jones (hereinafter "Jones")(collectively "Defendants") hereby respond to the Complaint of Plaintiffs in accordance with the numbered paragraphs thereof, as follows:

**PARTIES AND JURISDICTION**

1. Defendants are without sufficient information to respond to this Paragraph.

2. Admitted.

3. Admitted.

4. Defendants have removed this proceeding to the United States District Court for the District of South Carolina, Columbia Division.

5. Defendants assert that this allegation is jurisdictional in nature and would crave reference thereto. Further answering, to the extent these allegations attempt to establish liability on the part of Defendants, it is denied.

6. Defendants have removed this proceeding to the United States District Court for the District of South Carolina, Columbia Division.

## FACTUAL BACKGROUND

7. Defendants repeat and reiterate their responses to the allegations above as if set forth fully verbatim herein.

8. Admitted.

9. Denied as stated. Defendant Jones is the stakeholder and Chief Executive Officer of Defendant Access Community.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

## FIRST CAUSE OF ACTION
### (Fair Labor Standards Act-Minimum Wage)

15. Defendants repeat and reiterate their responses to the allegations above as if set forth fully verbatim herein.

16. Denied.

17. Denied.

## SECOND CAUSE OF ACTION
### (South Carolina Payment of Wages Act)

18. Defendants repeat and reiterate their responses to the allegations above as if set forth fully verbatim herein.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

## THIRD CAUSE OF ACTION
### (Breach of Contract)

26. Defendants repeat and reiterate their responses to the allegations above as if set forth fully verbatim herein.

27. Denied.

28. Denied as stated. The terms of Plaintiffs' agreements with Defendant Access Community are established in written contracts signed by Plaintiffs.

29. Denied.

30. Denied.

31. Denied.

## FIRST AFFIRMATIVE DEFENSE

This Complaint and each cause of action therein fail to state a claim upon which relief can be granted.

3

## SECOND AFFIRMATIVE DEFENSE

To the extent that any of Plaintiffs' allegations relate to acts or omissions which accrued prior to the applicable statutes of limitations, Defendants assert that such allegations are time-barred by the statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

As a result of Plaintiffs' own actions or omissions, Plaintiffs are estopped in whole or in part from obtaining the relief they seek.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' unclean hands preclude recovery under any of the claims alleged in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

As a result of Plaintiffs' own actions or omissions, Plaintiffs have waived any right to recover under any of the claims alleged in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs failed to satisfy a condition precedent to receive payment under the agreements with Defendant Access Community.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs have alleged the existence of contracts with Defendant Access Community, Plaintiffs substantially breached said contracts at such a time and to such a degree as to justify Defendant Access Community's actions.

## EIGHTH AFFIRMATIVE DEFENSE

At all times relevant to the allegations in Plaintiffs' Complaint, Plaintiffs were independent contractors, and not employees, of Defendants, and, therefore, the Fair Labor

Standards Act, 29 U.S.C. § 201, *et seq.*, and the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10, *et seq.*, are inapplicable.

## NINTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs are considered employees pursuant to the Fair Labor Standards Act or the South Carolina Payment of Wages Act, Plaintiffs were paid any and all wages to which they were entitled in full and in the manner and time required by law.

## TENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs are considered employees pursuant to the Fair Labor Standards Act, Plaintiffs were not individually engaged nor employed in an enterprise engaged in commerce, and, therefore, the Fair Labor Standards Act is inapplicable.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants have fully and completely satisfied any and all contractual obligations owed to Plaintiffs.

## TWELFTH AFFIRMATIVE DEFENSE

At all times relevant to this matter, Defendant Jones's conduct was within the scope of her employment with Defendant Access Community, and, therefore, Plaintiffs' claims against her in her personal capacity are barred.

## THIRTEENTH AFFIRMATIVE DEFENSE

At all time relevant to this matter, Defendants acted in good faith and without knowledge or intent to harm Plaintiffs.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to properly mitigate their damages, if any, and, therefore, their claims are barred in whole or in part by such failure.

**FIFTEENTH AFFIRMATIVE DEFENSE**

To the extent Plaintiffs received any payments from Defendant Access Community in connection with the written agreements that are the subject of this action, Plaintiffs claims are barred by the doctrine of accord and satisfaction.

**SIXTEENTH AFFIRMATIVE DEFENSE AND BY WAY OF COUNTERCLAIM AGAINST PLAINTIFF BERNARD CEASAR**
**(Breach of Contract)**

1. Defendants incorporate by reference herein all preceding paragraphs of its Answer and Affirmative Defenses as though fully set forth herein.

2. Upon information and belief, Plaintiff Bernard Ceasar (hereinafter "Ceasar") is an adult citizen and resident of Richland County, South Carolina.

3. The most substantial part of the alleged acts or omissions giving rise to the cause of action alleged in Plaintiff Ceasar's Complaint and this Counterclaim occurred in Lexington County, South Carolina.

4. As of April 18, 2015, Plaintiff Ceasar agreed to provide rehabilitative behavioral health services to youth with mild to severe behavioral and emotional problems in consideration of payments issued by Access Community pursuant to a written agreement.

5. Pursuant to this agreement, Plaintiff Ceasar agreed to perform services, which included maintaining and timely submitting documentation of service to Access Community.

6. The agreement required that Plaintiff Ceasar timely submit documentation of services to Access Community before Access Community would be obligated to pay Plaintiff Ceasar.

7. Plaintiff Ceasar failed to timely submit documentation in compliance with State and federal requirements in material violation of the terms of the agreement, materially

breaching his agreement, resulting in the Department of Health and Human Services ("Department") refusing to reimburse Access Community for Plaintiff Ceasar's services.

8. Despite the Department's refusal to reimburse Access Community based on Plaintiff Ceasar's deficient and/or untimely documentation, Access Community issued payment to Plaintiff Ceasar.

9. As a direct and proximate result of the breach of the agreement by Plaintiff Ceasar, as designated above, Access Community suffered damages, including but not limited to overpayment to Ceasar, funds unreimbursed by the Department, consequential damages, attorneys' fees and costs.

### SEVENTEENTH AFFIRMATIVE DEFENSE AND BY WAY OF COUNTERCLAIM AGAINST PLAINTIFF BERNARD CEASAR
**(Unjust Enrichment)**

10. Defendants incorporate by reference herein all preceding paragraphs of its Answer and Affirmative Defenses as though fully set forth herein.

11. Access Community overpaid Plaintiff Ceasar.

12. Plaintiff Ceasar accepted said overpayments from Access Community.

13. Plaintiff Ceasar has retained the payments despite Plaintiff Ceasar's failure to fulfill his obligation under the agreement to timely submit documentation in compliance with State and federal requirements.

14. The retention of the payments by Plaintiff Ceasar would be unjust in light of Plaintiff Ceasar's failure to satisfy the condition precedent to payment under the agreement.

## EIGHTEENTH AFFIRMATIVE DEFENSE AND BY WAY OF COUNTERCLAIM AGAINST PLAINTIFF CAROLYN NEAL
**(Breach of Contract)**

15.     Defendants incorporate by reference herein all preceding paragraphs of its Answer and Affirmative Defenses as though fully set forth herein.

16.     Upon information and belief, Plaintiff Carolyn Neal (hereinafter "Neal") is an adult citizen and resident of Richland County, South Carolina.

17.     The most substantial part of the alleged acts or omissions giving rise to the cause of action alleged in Plaintiff Neal's Complaint and this Counterclaim occurred in Lexington County, South Carolina.

18.     As of May 30, 2014, Plaintiff Neal agreed to provide rehabilitative behavioral health services to youth with mild to severe behavioral and emotional problems in consideration of payments issued by Access Community pursuant to a written agreement.

19.     Pursuant to this agreement, Plaintiff Neal agreed to perform services, which included maintaining and timely submitting documentation of service to Access Community.

20.     The agreement required that Plaintiff Neal timely submit documentation of services to Access Community before Access Community would be obligated to pay Plaintiff Neal.

21.     Plaintiff Neal failed to timely submit documentation in compliance with State and federal requirements in material violation of the terms of the agreement, materially breaching her agreement, resulting in the Department refusing to reimburse Access Community for Plaintiff Neal's services.

22. Despite the Department's refusal to reimburse Access Community based on Plaintiff Neal's deficient and/or untimely documentation, Access Community issued payment to Plaintiff Neal.

23. As a direct and proximate result of the breach of the agreement by Plaintiff Neal, as designated above, Access Community suffered damages, including but not limited to overpayment to Neal, funds unreimbursed by the Department, consequential damages, attorneys' fees and costs.

**NINETEENTH AFFIRMATIVE DEFENSE AND BY WAY OF COUNTERCLAIM AGAINST PLAINTIFF CAROLYN NEAL**
(Unjust Enrichment)

24. Defendants incorporate by reference herein all preceding paragraphs of its Answer and Affirmative Defenses as though fully set forth herein.

25. Access Community overpaid Plaintiff Neal.

26. Plaintiff Neal accepted said overpayments from Access Community.

27. Plaintiff Neal has retained the payments despite Neal's failure to fulfill her obligation under the agreement to timely submit documentation in compliance with State and federal requirements.

28. The retention of the payments by Plaintiff Neal would be unjust in light of Neal's failure to satisfy the condition precedent to payment under the agreement.

**TWENTIETH AFFIRMATIVE DEFENSE AND BY WAY OF COUNTERCLAIM AGAINST PLAINTIFF TAWANDA TAYLOR-WHITE**
(Breach of Contract)

29. Defendants incorporate by reference herein all preceding paragraphs of its Answer and Affirmative Defenses as though fully set forth herein.

30. Upon information and belief, Plaintiff Tawanda Taylor-White (hereinafter "Taylor-White") is an adult citizen and resident of Richland County, South Carolina.

31. The most substantial part of the alleged acts or omissions giving rise to the cause of action alleged in Plaintiff Taylor-White's Complaint and this Counterclaim occurred in Lexington County, South Carolina.

32. As of January 29, 2016, Plaintiff Taylor-White agreed to provide rehabilitative behavioral health services to youth with mild to severe behavioral and emotional problems in consideration of payments issued by Access Community pursuant to a written agreement.

33. Pursuant to this agreement, Plaintiff Taylor-White agreed to perform services, which included maintaining and timely submitting documentation of service to Access Community.

34. The agreement required that Plaintiff Taylor-White timely submit documentation of services to Access Community before Access Community would be obligated to pay Plaintiff Taylor-White.

35. Plaintiff Taylor-White failed to timely submit documentation in compliance with State and federal requirements in material violation of the terms of the agreement, materially breaching her agreement, resulting in the Department refusing to reimburse Access Community for Plaintiff Taylor-White's services.

36. Despite the Department's refusal to reimburse Access Community based on Plaintiff Taylor-White's deficient and/or untimely documentation, Access Community issued payment to Plaintiff Taylor-White.

37. As a direct and proximate result of the breach of the agreement by Plaintiff Taylor-White, as designated above, Access Community suffered damages, including but not

limited to overpayment to Taylor-White, funds unreimbursed by the Department, consequential damages, attorneys' fees and costs.

### TWENTY-FIRST AFFIRMATIVE DEFENSE AND BY WAY OF COUNTERCLAIM AGAINST PLAINTIFF TAWANDA TAYLOR-WHITE
### (Unjust Enrichment)

38.  Defendants incorporate by reference herein all preceding paragraphs of its Answer and Affirmative Defenses as though fully set forth herein.

39.  Access Community overpaid Plaintiff Taylor-White.

40.  Plaintiff Taylor-White accepted said overpayments from Access Community.

41.  Plaintiff Taylor-White has retained the payments despite Taylor-White's failure to fulfill its obligation under the agreement to timely submit documentation in compliance with State and federal requirements.

42.  The retention of the payments by Plaintiff Taylor-White would be unjust in light of Taylor-White's failure to satisfy the condition precedent to payment under the agreement.

**WHEREFORE**, having answered the Complaint of Plaintiffs, Defendants pray that the Court grant it the following relief:

a.  Dismiss Plaintiffs' Complaint against Defendants with prejudice;

b.  Enter a judgment in favor of Defendant Access Community Rehabilitative Behavioral Health Services against Plaintiffs Ceasar, Neal and Taylor-White for breach of contract and unjust enrichment;

c.  Award Defendants their costs and any reasonable attorneys' fees incurred herein, including but not limited to the defense of Plaintiffs' Complaint;

d.  Grant such other and further relief in favor of Defendants as the Court deems just and appropriate.

Respectfully submitted,

BOYKIN & DAVIS, LLC

By: s/Adam J. Mandell
    Kenneth A. Davis, Esq. (Fed ID #9048)
    Shawn D. Eubanks, Esq. (Fed ID #10748)
    Adam J. Mandell, Esq. (Fed ID #12434)

    P.O. Box 11844
    Columbia, South Carolina 29211
    Telephone:  803-254-0707
    Facsimile:   803-254-5609

Attorneys for Defendants

March 10, 2017
Columbia, South Carolina