IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Bernard Ceasar and Tawanda Taylor-White, | C.A. No. 3:17-cv-466-JFA |
| Plaintiffs, | |
| vs. | **FINDINGS OF FACT, CONCLUSIONS OF LAW, AND JUDGMENT AGAINST DEFENDANTS ACCESS COMMUNITY REHABILITATIVE BEHAVIORAL HEALTH SERVICES AND JEMBRALYN JONES** |
| Access Community Rehabilitative Behavioral Health Services and Jembralyn Jones, individually and as a managing agent of Access Community Rehabilitative Behavioral Health Services, | |
| Defendants. | |

This matter came before the Court for an evidentiary hearing on damages on October 16, 2018 following the entry of default against Defendant Access Community Rehabilitative Behavioral Health Services ("Corporate Defendant"). (ECF No. 78). Plaintiffs Bernard Ceasar and Tawanda Taylor-White were represented at the damages hearing by Attorney Shannon Polvi of Cromer Babb Porter & Hicks, LLC. Plaintiffs Bernard Ceasar and Tawanda Taylor-White both testified at the damages hearing. Plaintiffs also filed a Motion for Damages and Attorneys' Fees and Costs, which included an attorneys' fees and cost affidavit of Shannon Polvi. (ECF No. 82). Defendant Jembralyn Jones did not attend the damages hearing to contest the damages or to challenge liability. Based on the uncontroverted evidence presented, the Court makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1. Corporate Defendant was found to be in default on September 27, 2018. (ECF No. 78).

2. Defendants are an "employer" for purposes of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203(d), because it is a "public agency."

3.  Plaintiffs are both employees of Defendants within the meaning of FLSA, 29 U.S.C. § 203.

4.  Plaintiffs agreed to perform services for Defendants in exchange for the agreed-upon compensation of sixteen dollars ($16.00) per hour.

5.  Defendants failed to properly compensate Plaintiffs by the following actions:

    a.  Defendants failed to compensate Plaintiffs for a number of hours which they worked;

    b.  Defendants unilaterally changed terms and conditions of Plaintiffs' employment, specifically as related to compensation, without notice to Plaintiffs;

    c.  Plaintiffs frequently worked in excess of 40 hours per week without being paid overtime compensation. Plaintiffs were required to perform a number of tasks for which they were not paid, including arriving to work an hour before they were allowed to log their work time, and performing other duties, such as transporting children and completing documentation. Plaintiffs received no compensation for much of this work and at no time received overtime pay for hours worked over 40 per week.

6.  Plaintiffs have sustained the following damages and attorneys' fees and costs:

    I.  Tawanda Taylor-White: Total = **$35,461.16**

        a.  Wage Damages Total: $12,579.36

            i.  $7,440.00 - 310 hours of overtime (at time and a half $24 per hour)

            ii.  $1,659.36 - unpaid wages during employment for payroll date range of February 6, 2016 - February 19, 2016

            iii.  $1,400 - 2 weeks in the hole check

            iv.  $680 - summer bonus

            v.  $1,400 - 2 weeks Christmas check

   b.  Liquidated Damages: $12,579.36

   c.  Breach of Contract Consequential Damages: $6,637.44

        i.  2 months of back pay with DMH/FEMA start date of May 16, 2016
            (calculated with $1,659.36 as a measurable recent payroll comparator x
            4)

   d.  Pre-judgment and post-judgment interest pursuant to 28 U.S.C. § 1961

        i.  5.75% rate measured from lawsuit filing date on December 12, 2016 to
            hearing date on October 16, 2018 = $3,665 in prejudgment interest

II.  Bernard Ceasar: Total = **$75,899.16**

   a.  Wage Damages Total: $24,976.50

        i.  $14,784.00 - 616 hours of overtime (at time and a half $24 per hour).
            While employed at Access from April 2015 to April 2016, Mr. Ceasar
            worked an average of 11 hours in overtime per week, multiplied by 56
            weeks

       ii.  $6,712.50- unpaid wages during employment

      iii.  $1,400 - 2 weeks in the hole check

       iv.  $680 - summer bonus

        v.  $1,400 - 2 weeks Christmas check

   b.  Liquidated Damages: $24,976.50

   c.  Breach of Contract Consequential Damages: $19,956.16

        i.  $9,956.16 - 3 months of back pay before finding new employment
            (calculated with $1,659.36 as a measurable recent payroll comparator x
            6)

       ii.  $10,000 - Mr. Ceasar got behind on several bills including his mortgage,
            car payments, utility bills, cell phone bill, etc. resulting in increased
            interest payments and fees

   d.  Pre-judgment and post-judgment interest pursuant to 28 U.S.C. § 1961

        i.  5.75% rate measured from filing date on December 12, 2016 to hearing
            date on October 16, 2018 = $5,990.00 in prejudgment interest

III.   Both Plaintiffs: Attorneys' Fees and Costs Total = **$26,560.83**

    a.   Attorneys' Fees: $25,845.00

        i.   $19,520.00 for services rendered by Cromer Babb Porter & Hicks, LLC

        ii.   $3,000.00 retainer fees paid to Cromer Babb Porter & Hicks, LLC

        iii.   $1,825.00 for services rendered by Gaffney Lewis & Edwards, LLC

        iv.   $1,500.00 consultation fees

    b.   Costs: $715.83

## CONCLUSIONS OF LAW

1. Corporate Defendant's counterclaims were implicitly struck when this Court struck Corporate Defendant's Answer. (ECF No. 78).

2. The individual Defendant, Jembralyn Jones, failed to appear at the damages hearing or otherwise offer any evidence on her counterclaims. Thus, Jembralyn Jones' counterclaims are struck for failure of proof.

3. Corporate Defendant remains in default, and Plaintiffs are therefore entitled to judgment against Access Community Rehabilitative Behavioral Health Services and Jembralyn Jones because Defendants are jointly and severally liable under the FLSA. *See Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir. 1983) ("The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages.").

4. Corporate Defendant is deemed to have admitted the facts and violations of law as alleged in Plaintiffs' Amended Complaints. As noted previously, the individual Defendant, Jembralyn Jones, did not attend the damages hearing or otherwise contest liability or damages.

5. Plaintiffs have standing to sue for violations of the FLSA and the South Carolina Payment of Wages Act.

6. Defendants violated the FLSA, specifically 29 U.S.C. § 206(a) and 29 U.S.C. § 207(a); Defendants violated the South Carolina Payment of Wages Act; and Defendants breached their employment contracts with Plaintiffs.

7. Plaintiffs are entitled to back wages at the rate of one-and-one-half times the regular rate at which they were compensated for all overtime hours worked in excess of forty (40) hours per week, pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b).

8. Plaintiffs are also entitled to liquidated damages equal for the amount of overtime compensation and unpaid compensation due to them under the FLSA, pursuant to section 16(b) of the FLSA, § 29 U.S.C. 216(b).

9. Plaintiffs are entitled pre-judgment and post-judgment interest pursuant to 28 U.S.C. § 1961.

10. Plaintiffs are also entitled to an award of reasonable attorneys' fees and costs incurred in prosecuting this action, pursuant to FLSA, 29 U.S.C. § 216(b).

11. Plaintiffs have sustained the following damages and attorneys' fees and costs: Plaintiff Tawanda Taylor-White sustained damages in the amount of $35,461.16; Plaintiff Bernard Ceasar sustained damages in the amount of $75,899.16; Plaintiffs sustained attorneys' fees and costs in the amount of $26,560.83.

**IT IS HEREEBY ORDERED:**

1. Plaintiffs are entitled to judgment against both Defendants Access Community Rehabilitative Behavioral Health Services and Jembralyn Jones.

2. Defendants' counterclaims are dismissed with prejudice.

3. Plaintiff Tawanda Taylor-White is awarded total damages in the amount of $35,461.16.

4.  Plaintiff Bernard Ceasar is awarded total damages in the amount of $75,899.16.

5.  Based on Ms. Polvi's Attorneys' Fees Affidavit, Plaintiff are additionally awarded attorneys' fees and costs in the amount of $26,560.83.

IT IS SO ORDERED.


October 23, 2018                        Joseph F. Anderson, Jr.
Columbia, South Carolina                United State District Judge